IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **FEDJA ROCHLING, M.D.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **DEPARTMENT OF VETERANS** ) | 8:10-cv-00302-LSC-FG3 |
| **AFFAIRS, ERIC K. SHINSEKI, in his** ) | |
| **official capacity as the Secretary for the** ) | **SCHEDULING ORDER** |
| **Department of Veterans Affairs, the** ) | |
| **DEPARTMENT OF HEALTH AND** ) | |
| **HUMAN SERVICES and KATHLEEN** ) | |
| **SEBELIUS, in her official capacity as the** ) | |
| **Secretary for the Department of Health** ) | |
| **and Human Services,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is referred to the magistrate judge for full pretrial supervision. The court has reviewed the pleadings and the Report of Parties' Planning Conference (Doc. 21).

### BACKGROUND

The complaint alleges that Dr. Rochling was employed by the Department of Veterans Affairs (VA) as an internal medicine physician at the Little Rock, Arkansas, Veterans Administration Medical Center (VAMC). Plaintiff and other doctors treated a patient who was transferred to the Little Rock facility on August 31, 2000 from the Muskogee VAMC. The patient had received a laparoscopic cholecystectomy and liver biopsy at the Muskogee VAMC about 10 days prior to the transfer to Little Rock. The patient died on September 7, 2000.

In April 2001, the VA received a tort claim regarding the patient's death. The claim did not name Dr. Rochling as a responsible party and no malpractice suit or claim naming Dr. Rochling as a responsible party was ever filed. The VA settled this claim for a payment of money on or about March 18, 2003. Pursuant to certain provisions of the VHA Handbook, the patient's medical records were then reviewed by the Director, Office of Medical Legal Affairs.

Dr. Rochling was not notified of the existence of the tort claim until January 9, 2004, when he received a memorandum from the VA giving notice of 1) the existence of the claim and 2) that the VA had already settled the claim. The memorandum advised that the VA Medical Legal Affairs had reviewed its settlement and determined that Dr. Rochling should be notified of the tort claim payment because the VA's payment could result in Dr. Rochling being reported to the National Provider Data Bank (NPDB). Dr. Rochling submitted a written response on March 5, 2004.

The VA's practice during the relevant time period was to settle claims of medical malpractice and make payment before convening a review panel to determine for whose benefit the payment would be made and without notifying practitioners that their actions were, or may be at a later date, under review. In other words, the VA Handbook did not require the VA to provide the doctor any notice of a claim and a chance to contest or defend the claim prior to settlement payment.

A VA review panel convened on or about July 9, 2004, and determined that the settlement payment which the VA had previously made to satisfy the claim had been for the benefit of Dr. Rochling. Dr. Rochling alleges that the VA failed to convene an unbiased peer review panel that included a member of Dr. Rochling's occupation. Despite the presentation of additional evidence from doctors who *were* members of Dr. Rochling's occupation that Dr. Rochling had met the standard of care in treating the patient, the VA adhered to its position. On May 8, 2006, the VA submitted a report to the NPDB indicating that a single settlement payment had been made for the benefit of Dr. Rochling. The NPDB report indicated that Dr. Rochling was responsible for the death of the patient.

On August 17, 2006, Dr. Rochling submitted an administrative dispute to the Assistant General Counsel for the VA, specifically requesting that the report made to the NPDB be withdrawn and voided because (a) the settlement payment was not "for the benefit of" Dr. Rochling; (b) the report was arbitrary; and (c) Dr. Rochling was not afforded his due process rights. This request was denied. Dr. Rochling then requested Secretarial Review on the grounds that (a) it was factually impossible that the settlement payment was "for the benefit of" Dr. Rochling; (b) the report was arbitrary; (c) and Dr. Rochling was not afforded his due process rights. The Secretary responded that thes scope of review did not permit a determination of whether a reporter's decision to take an action concerning licensure, privileges, exclusion, etc., was correct or fair.

On March 1, 2010, the Department of Health and Human Services notified Dr. Rochling that his request was denied, and the report would remain in the NPDB. According to the Secretary, the

DVA could report or not report a physician according to its own rules, and the Secretary could not overturn the DVA's decision, void the report, or remove Dr. Rochling's name.

As a result of the VA's actions, Dr. Rochling was required to disclose the NPDB report to the state boards of Nebraska and Wisconsin and will be required to disclose and defend the report each time he applies or re-applies for privileges at a medical facility, employment, state medical licenses or insurance. Furthermore, any denial of employment, privileges or licensure will result in additional reports to the NPDB.

Dr. Rochling filed this action on August 16, 2010, seeking equitable relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and asserting substantive and procedural due process claims under the Fifth Amendment to the U.S. Constitution.

## PLANNING CONFERENCE REPORT

Under Fed. R. Civ. P. 26(a)(1)(B)(i), actions "for review on an administrative record" are exempt from the initial disclosure requirement of Rule 26(a)(1)(A). The defendants assert there should be no discovery because this is a judicial review proceeding under the Administrative Procedure Act (APA). The plaintiff, Dr. Rochling, reports that discovery may be proper and essential. The court finds that the plaintiff's claims are not entirely within the class of cases exempt from the initial disclosure requirement and will order the defendants to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A).

The parties have agreed that the defendants will submit the administrative records confirming the VA's final decision and the DHHS' final decision by February 11, 2011. Plaintiff will then have until April 1, 2011 to file a request to expand the administrative record. The court will adopt this schedule.

## ORDER

**IT IS ORDERED:**

1. On or before **February 11, 2011**, defendants shall electronically file the administrative records confirming the VA's final decision and the DHHS' final decision. Since the administrative record is likely to contain confidential medical records, it shall be filed as a restricted document pursuant to NECivR 5.0.3(c) and the E-Government Act of 2002. The documents in the

administrative record shall be described, identified organized, and authenticated in the manner required by NECivR 7.0.1.

     2.    Plaintiff is given until **April 1, 2011** to file a motion to expand the administrative record. The court will schedule a planning conference pursuant to Fed. R. Civ. P. 16 after plaintiff's motion is decided. In the interim, counsel may contact chambers to schedule conferences as necessary.

     3.    **Withholding Documents from Disclosure or Discovery.** If any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall disclose the following information about each such document withheld: a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure.

     4.    All requests for changes of deadlines established by this order shall be directed to the magistrate judge by appropriate motion.

     **DATED December 13, 2010.**

                                          **BY THE COURT:**

                                          **s/ F.A. Gossett, III**
                                          **United States Magistrate Judge**