IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **FEDJA ROCHLING, M.D.,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:10CV302 |
| | ) | |
| V. | ) | |
| | ) | |
| **DEPARTMENT OF VETERANS** | ) | ORDER |
| **AFFAIRS, ERIC K. SHINSEKI,** in his | ) | |
| official capacity as the Secretary for | ) | |
| the Department of Veterans Affairs, | ) | |
| **DEPARTMENT OF HEALTH AND** | ) | |
| **HUMAN SERVICES,** the, and | ) | |
| **KATHLEEN SEBELIUS,** in her | ) | |
| official capacity as the Secretary for | ) | |
| the Department of Health and Human | ) | |
| Services, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Supplement the Administrative Record (filing 42). For the reasons set forth below, Plaintiff's Motion will be denied.

## BACKGROUND

In August and September of 2000, Plaintiff was employed by the Department of Veterans Affairs ("VA") as an internal medicine physician at the Little Rock, Arkansas, Veterans Administration Medical Center ("VAMC") specializing in Gastroenterology. On or about August 31, 2000, Plaintiff and other doctors treated a patient who was transferred to the Little Rock facility from the Muskogee VAMC. The patient died on September 7, 2000.

In April 2001, the VA received a tort claim regarding the patient's death. The claim did not name Plaintiff as a responsible party and no malpractice suit or claim naming Plaintiff as a responsible party was ever filed. The VA settled the tort claim for a payment of money

on or about March 18, 2003, without notifying Plaintiff that any claim had been made.

On January 9, 2004, Plaintiff received a memorandum from the VA providing him with notice of the claim and its settlement, as well as notice that the settlement could result in him being reported to the National Provider Data Bank ("NPDB").  At that time, a Memorandum of Understanding was in effect between the VA and the Department of Health and Human Services ("DHHS"), that required the VA to file a report with the NPDB regarding any payment "for the benefit of a physician" made as the result of a settlement of a claim of medical malpractice.  Plaintiff submitted a written response on March 5, 2004.

A VA review panel composed of at least three health care professionals, including a general surgeon, was convened on or about July 9, 2004, to review the patient's care, including Plaintiff's actions.  The panel determined that the settlement payment made by the VA had been for the benefit of Plaintiff.  After being notified of the panel's decision, Plaintiff's counsel sent correspondence to the VA asking it to reconsider its position; objecting to the absence of a Gastroenterologist on the panel; and offering to provide opinions from more consultants.  On August 11, 2004, the VA responded to Plaintiff's counsel, indicating that the VA's Director of Medical Affairs was willing to ask the panel to review Plaintiff's case to determine the possible need for further review by a medical sub-specialist.  On September 15 and October 6, 2004, Plaintiff's counsel provided the VA with reports from independent Gastroenterologists who opined that Plaintiff met the standard of care when treating the patient.

On May 8, 2006, the VA submitted a report to the NPDB indicating that a settlement payment had been made for the benefit of Plaintiff.  On August 17, 2006, Plaintiff submitted an administrative dispute to the Assistant General Counsel for the VA, specifically requesting that the report made to the NPDB be withdrawn and voided.  This request was denied. Plaintiff then requested DHHS Secretarial Review.  On April 14, 2008, the Secretary responded, noting that the DHHS Secretary could not determine whether malpractice was committed or the payment justified, but only whether the report was legally required or permitted to be filed, and whether the report accurately depicted the action taken and the reporter's basis for the action as reflected in the written records.  On March 1, 2010, the

DHHS notified Plaintiff that his request that the report be voided was denied.

Plaintiff filed this action on August 16, 2010, asserting claims under the Administrative Procedure Act ("APA"), 5 U.S.C.A. § 701 *et seq.*, as well as substantive and procedural due process claims under the Fifth Amendment to the U.S. Constitution.[1] Plaintiff alleges that the VA abused its discretion and acted arbitrarily and capriciously when it enforced and promulgated a regulation which allowed malpractice claims to be settled without advance notice to the involved health care providers. Plaintiff further alleges that the VA acted arbitrarily and capriciously when it failed to provide Plaintiff notice of, and an opportunity to respond to, the malpractice claim prior to the VA's payment and settlement of the claim. Plaintiff also maintains that the VA abused its discretion when it failed to convene an unbiased peer review panel that included a member of Plaintiff's occupation. Plaintiff further contends that the VA's reporting of Plaintiff to the NPDB was improper under the APA in that it was not supported by substantial evidence and was contrary to the independent evidence submitted to the review panel.

**DISCUSSION**

Plaintiff has moved to supplement the administrative record. Plaintiff contends that he is entitled to *de novo* review of the VA's decision and, as a result, requests that he be allowed to conduct depositions and limited discovery to supplement the record. Plaintiff further requests that, should the court determine that he is not entitled to *de novo* review, that the record be expanded to include (1) all relevant correspondence exchanged between Plaintiff and the VA; (2) the VA's documentation that articulates the findings upon which the VA's decision to settle the claim against it and determination that the settlement was for the sole benefit of Plaintiff and (3) documentation that permits the court to determine whether the VA or DHHS followed their own policies and procedures in making their determinations. (Filing 43 at CM/ECF p. 2.)

---

[1] Plaintiff's substantive and procedural due process claims (Plaintiff's third and fourth causes of action) were dismissed by the court on March 30, 2011. (Filing 41.)

3

Subsequent to the filing of Plaintiff's pending motion to supplement, Defendants voluntarily supplemented the record to include documents specifically listed by Plaintiff as absent from the record in an affidavit submitted in connection with his motion. (Filings 54, 57.) Plaintiff maintains, however, that the following information remains outstanding from the VA: (1) written documentation created and facts considered by the VA's Director of Medical Legal Affairs regarding the settlement of the claim, including the Tort Claim Information System ("TCIS") form pertinent to the case, VA form SF 95 and VA form 10-10M; and (2) all written documentation created and facts considered by the VA Review Panel that determined the VA had made a malpractice settlement payment for the benefit of Plaintiff, including a copy of the settled claim, a description of the medical credentials and service location of each person on the review panel and a summary of the case for presentation and discussion at the panel meeting. Additionally, Plaintiff contends that a deposition of the VA's Director of Medical Legal Affairs is necessary. (Filing 60 at CM/ECF p. 3.)

Plaintiff also asserts that the following information remains outstanding from the Secretary of DHHS: (1) all written documentation and notes of information verbally requested of the VA by DHHS in its Secretarial Review and (2) all written documentation and notes of information verbally provided to DHHS by the VA in its Secretarial Review. (*Id.* at CM/ECF pp. 3-4.)

### 1. *Plaintiff's Entitlement to De Novo Review*

*De novo* review under the APA is available in two situations: (1) "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate," and (2) "when issues that were not before the agency are raised in a proceeding to enforce nonadjudicatory agency action." *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *overruled on other grounds*, *Califano v. Sanders*, 430 U.S. 99, 105 (1977). Even assuming that the VA's decision that the malpractice claim had been settled for the benefit of Plaintiff were adjudicatory in nature, Plaintiff would not be entitled to *de novo* review. At this point in the proceeding, the court cannot conclude that the VA's fact-finding procedures were inadequate.

4

Plaintiff argues that the VA's fact-finding procedures were inadequate in that they (1) found that the settlement had been for the benefit of Plaintiff while disregarding the actual reasons for the settlement; (2) attributed a settlement to Plaintiff even though Plaintiff was unable to provide any response or rebuttal to the claim until almost a year after it was settled; (3) failed to disclose statements received from other physicians that could have been rebutted by Plaintiff; and (4) failed to require that the review panel include an expert of the appropriate speciality. (Filing 43 at CM/ECF p. 10.) However, Plaintiff's arguments about the insufficiency of the review process go to the heart of his APA claim - that the VA did not properly investigate or provide notice of the malpractice claim and, as a result, wrongfully determined that the settlement was for Plaintiff's benefit. It would be improper for the court to, in effect, decide these issues through a motion to supplement the record. Plaintiff is not entitled to *de novo* review.

### 2. *Sufficiency of the Administrative Record*

"APA review of agency action is normally confined to the agency's administrative record." *Newton County Wildlife Ass'n v. Rogers*, 141 F.3d 803, 807 (8th Cir. 1998). However, district courts are permitted to admit extra-record evidence (1) if admission is necessary to determine whether the agency has considered all relevant factors and has explained its decision; (2) if the agency has relied on documents not in the record; (3) when supplementing the record is necessary to explain technical terms or complex subject matter or (4) when the plaintiff makes a showing of agency bad faith. *The Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005). "These exceptions apply only under extraordinary circumstances, and are not to be casually invoked unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions." *Voyageurs Nat'l Park Assoc. v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004). Plaintiff has not demonstrated that one of the exceptions is applicable here.

Through his present motion to supplement, Plaintiff essentially wants to discover what documents and information was and was not considered in determining that the malpractice payment was made for his benefit and that he should be reported to the NPDB. Plaintiff argues that when the agency made its decision, it was required to use (or did use) more than

just the documentation in front of the three review panel members and currently provided by the VA. Consequently, according to Plaintiff, the VA is obligated to supplement the record if those documents exist or, alternatively, admit that additional documents do not exist and that certain evidence was not considered. Plaintiff particularly complains that information before the VA's Director of Medical Legal Affairs, who is charged with familiarizing and providing guidance to the review panel, should be added to the record. He also complains that summaries which each review panelist is purportedly required to prepare for presentation at the panel meeting are not part of the record. Plaintiff argues that the VA should be ordered to produce these documents or explain why they were not created.

Having reviewed the matter, the court concludes that supplementation of the record is not warranted. The information that the panel reviewed considered in making its decision is presumptively contained in the administrative record. Therefore, to the extent that Plaintiff, through his motion, wishes to demonstrate what was and was not considered, it is unnecessary. Moreover, the July 2004 memorandum, which is contained in the administrative record, specifically references the information that the review panel relied upon in reaching its conclusion and provides the reasoning behind the panel's decision. ([Filing 57.](#)) The July 2004 memorandum provides:

> Based on a review of the medical record as well as any additional information submitted by practitioners involved in this case, the Panel, which included a board-certified general surgeon experienced in laparoscopic cholecystectomy, determined that the failure of the attending Gastroenterologist to work this patient up for common bile duct injury or obstruction by performing a repeat ERCP was inappropriate. The Panel noted that despite the lack of dilated ducts and the patient's underlying liver disease, the patient had been transferred to the second institution for an ERCP or PTC specifically to help determine if a complication from the laparoscopic surgery had occurred. The Panel concluded that this patient received substandard care and identified the attending Gastroenterologist at the Little Rock VAMC, Fedja A. Rochling, M.D., Bch, as the responsible practitioner.

(*Id*.) The September 2004 memorandum provides further:

> Based on a re-review of this case on August 11, 2004, in light of all the

> additional information provided, the Panel reaffirmed its initial conclusion that this patient received substandard care and again identified Fedja A. Rochling, M.D., Bch, as the responsible practitioner.  The Panel again noted that this patient was referred by Muskogee VAMC to the Little Rock VAMC Gastoenterology Service specifically for PTC (percutaneous transhepatic cholangiography) and/or a repeat attempt at ERCP (endoscopic retrograde cholangiopancreatography) to assess for bile duct pathology (injury, obstruction, etc.) after laparoscopic cholecystectomy.  The Panel felt that the failure to address this significant aspect of the consultation request was inappropriate.

(*Id.*)  While this explanation may not be as detailed as Plaintiff would like, it is sufficient to allow for effective judicial review.  See *Madison County Building and Loan Ass'n v. Federal Home Loan Bank Bd.*, 622 F.2d 393, 397 (8th Cir. 1980) (finding that an agency decision that only stated that "regulatory criteria were met" did not frustrate judicial review because it gave a determinative reason for the decision which was sufficient to the allow the court "to decide if the [agency] considered the relevant factors in making this decision, and to examine the record to see if it . . . provides a rational basis for the agency's choice.")

Plaintiff also argues that the administrative record submitted by the DHHS is incomplete because it does not contain documentation and notes of information exchanged between the VA and DHHS related to the Secretarial Review.  The DHHS represents that such documentation does not exist because the DHHS determined that the claims raised by Plaintiff in challenging his NPDB report were beyond the scope of DHHS review.  (Filing 52.)  Plaintiff insists, however, that limited written discovery is necessary to determine what actions the DHHS took.  Again, Plaintiff has not demonstrated that expansion of the record submitted by the DHHS is necessary or appropriate.  The findings of the DHHS, and the reasons therefore, are already contained in the record.  Additional explanation is not needed.

**IT IS ORDERED** that Plaintiff's Motion to Supplement the Administrative Record (filing 42) is denied.

**DATED September 27, 2011.**

                                                      **BY THE COURT:**

                                                      **S/ F.A. Gossett**
                                                      **United States Magistrate Judge**

**NOTICE**

A party may object to a magistrate judge's order by filing a Statement of Objections to Magistrate Judge's Order.  Any objection to this order must be submitted on or before October 7, 2011. The objecting party must comply with the requirements of NECivR 72.2.