**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **FEDJA ROCHLING, M.D.,** | ) | **CASE NO. 8:10CV302** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM** |
| **DEPARTMENT OF VETERANS AFFAIRS,** | ) | **AND ORDER** |
| **ERIC K. SHINSEKI, in his official** | ) | |
| **capacity as the Secretary for the** | ) | |
| **Department of Veterans Affairs,** | ) | |
| **THE DEPARTMENT OF HEALTH AND** | ) | |
| **HUMAN SERVICES and KATHLEEN** | ) | |
| **SEBELIUS, in her official capacity as** | ) | |
| **the Secretary for the Department of** | ) | |
| **Health and Human Services,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court on Plaintiff Fedja Rochling's Statement of Objections (Filing No. 63) to the Order of Magistrate Judge F.A. Gossett (Filing No. 61) denying Plaintiff's Motion to Supplement the Administrative Record (Filing No. 42). The Court has considered Judge Gossett's Order, the parties' original briefs (Filing Nos. 43, 52, and 60), the accompanying indexes of evidence (Filing Nos. 44, 47, and 53), the parties' briefs before this Court (Filing Nos. 64 and 66), and the Administrative Records and supplements thereto submitted by the Department of Veterans Affairs ("the VA") and the Department of Health and Human Services (Filing Nos. 23, 24, 26, 27, 28, 29, 30, 31, 57, and 58). The Court concurs with Judge Gossett's statement of the factual and procedural background of this case (Filing No. 61, at 1–3) and his framing of the issues presented (*id.* at 3–4).

This matter is governed by Federal Rule of Civil Procedure 72(a), which provides that "[t]he district judge . . . shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A).

I.      **Plaintiff's Entitlement to** *De Novo* **Review**

Judge Gossett's Order denying Plaintiff *de novo* review of the decision of the VA review panel was not clearly erroneous or contrary to law.   Under the Administrative Procedure Act (APA), judicial review of agency action is "normally confined to the agency's administrative record."  *Newton Cnty. Wildlife Ass'n v. Rogers*, 141 F.3d 803, 807 (8th Cir. 1998).  However, under 5 U.S.C. § 706(2)(F), *de novo* review is available "when the action is adjudicatory in nature and the agency factfinding procedures are inadequate."  *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971), *overruled on other grounds in Califano v. Sanders*, 430 U.S. 99, 105 (1977).   The parties agree that the agency action at issue was adjudicatory in nature.  (Filing No. 43, Plaintiff's Brief in Support, at 7–8; Filing No. 52, Defendant's Brief in Opposition, at 5.)

Plaintiff provided numerous arguments that the VA's factfinding procedures were inadequate.  (*See, e.g.*, Filing No. 43, Plaintiff's Brief in Support, at 10; Filing No. 64, Plaintiff's Brief in Support of Objections ("Plaintiff's Objections Brief"), at 9–11.)  The Court has paid special attention to Plaintiff's argument that he was denied an opportunity to respond to evidence that was key to the determinations of the VA review panel.  (Filing No. 60, Plaintiff's Reply, at 9–12; Filing No. 64, at 9–11.)

Judge Gossett reasoned that Plaintiff's arguments about the inadequacy of the VA's factfinding procedures:

> go to the heart of his APA claim – that the VA did not properly investigate or provide notice of the malpractice claim and, as a result, wrongfully determined that the settlement was for Plaintiff's benefit.  It would be improper for the court to, in effect, decide these issues through a motion to supplement the record.

(Filing No. 61, at 5.)

After careful consideration of this matter, the Court cannot find that Judge Gossett's decision was clearly erroneous or contrary to law.

## II.     Plaintiff's Motion to Supplement the Administrative Record

Judge Gossett also denied Plaintiff's request to supplement the administrative record.  There are several exceptions to the general rule limiting judicial review to the administrative record.  *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).  However, these exceptions are "narrowly construed and applied."  *Id.*  "These exceptions apply only under extraordinary circumstances, and are not to be casually invoked unless the party seeking to depart from the record can make a strong showing that the specific extra-record material falls within one of the limited exceptions."  *Voyageurs Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004).  Judge Gossett determined that Plaintiff had not made the  showing required to overcome the  "strong presumption of regularity to which an agency is entitled."  *Franks v. Salazar*, 751 F. Supp. 2d 62, 67 (D.C. Cir. 2010).  This determination was not clearly erroneous or contrary to law.  Accordingly,

IT IS ORDERED:

1.    The Plaintiff's Statement of Objections to Magistrate Judge's Order (Filing No. 63) is denied; and

2.    The Magistrate Judge's September 27, 2011, Order (Filing No. 61) is affirmed.

Dated this 14th day of November, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

3